# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HART INTERCIVIC, INC., § § Plaintiff, § § v. § § AVANTE INTERNATIONAL § TECHNOLOGY, INC. AND § KEVIN CHUNG, § § Defendants. § | CASE NO. 2:08-CV-00426 JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Hart InterCivic, Inc. ("Hart") complains against Avante International Technology, Inc. ("Avante") and Kevin Chung, Individually ("Chung") (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff Hart is a Texas corporation with its principal place of business at 15500 Wells Port Drive, Austin, Texas  78728.

2. On information and belief, Defendant Avante is a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business at 70 Washington Road, Princeton Junction, New Jersey 08550-1012.

3. On information and belief, Defendant Chung is an individual who resides at 116 Wilson Road, Princeton, New Jersey 08540, and his principal place of business is 70 Washington Road, Princeton Junction, New Jersey 08550.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

7. Hart is the owner by assignment of United States Patent No. 6,688,517 ("the '517 patent") entitled "Electronic Voting System."  The '517 patent issued on February 10, 2004.  A true and correct copy of the '517 patent is attached as **Exhibit A**.

8. On information and belief, Defendants have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '517 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Defendants' infringements include, among other things, making, using, offering for sale, and/or selling devices, including without limitation Avante's Optical Vote-Trakker system.  Defendants are thus liable for infringement of the '517 patent pursuant to 35 U.S.C. § 271.

9. As a result of Defendants' willful infringement of the '517 patent, Hart is entitled to damages, including treble damages, that are compensable under 35 U.S.C. § 284 for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

10. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '517 patent, Hart will be greatly and irreparably harmed.

11. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Hart is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Hart requests that this Court enter:

A. A judgment in favor of Hart that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others, infringed the '517 patent, and that such infringement was willful;

B. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from such infringement of the '517 patent;

C. A judgment and order requiring Defendants to pay Hart its damages, including treble damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '517 patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Hart its reasonable attorneys' fees; and

E. Any and all other relief to which the Court may deem Hart entitled.

## **DEMAND FOR JURY TRIAL**

Hart InterCivic, Inc., under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 3, 2008

Respectfully submitted,

     /s/ Chris L. Gilbert
David G. Henry
Texas Bar No. 09479355
LEAD ATTORNEY
Chris L. Gilbert
Texas Bar No. 24054302
PATTON BOGGS LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75210
Telephone:  (214) 758-1500
Facsimile:   (214) 758-1550
Email: dhenry@pattonboggs.com
            cgilbert@pattonboggs.com

*Attorneys for Plaintiff Hart InterCivic, Inc.*