# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HART INTERCIVIC, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-426 |
| | § | |
| AVANTE INTERNATIONAL | § | |
| TECHNOLOGY, INC. | § | |

## MEMORANDUM OPINION

This case involves the alleged infringement of U.S. Patent No. 6,688,517 ("the '517 patent"), assigned to the plaintiff Hart InterCivic, Inc. ("Hart"). Currently pending before the court are the defendant Avante International Technology, Inc.'s ("Avante") motions to dismiss for lack of personal jurisdiction and improper venue and to transfer venue (Dkt. No. 13 & 21). For the reasons discussed below, the court **DENIES** Avante's motions without prejudice.

On November 3, 2008, Hart filed its complaint, alleging that Avante infringed the '517 patent. The complaint generally claims that Avante is subject to this court's specific and general jurisdiction. Avante responded to the complaint by filing the motions under consideration, which include a request to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

Avante contends that this court lacks general jurisdiction because Avante has no continuous and systematic contacts with this forum; Avante is not a resident of Texas, has not registered to do business in Texas, and has not sold any goods in Texas. Avante also contests specific jurisdiction because it has not sold or offered to sell the allegedly infringing product, "Optical VoteTrakker," in Texas. According to Avante, its only contact with this state was its

unsuccessful attempt to certify the "Vote Trakker" (a product different from the Optical VoteTrakker) with the Texas Secretary of State.

Discovery in this case has only recently commenced. It is unclear from the record exactly which Avante products are accused of infringement–the Optical VoteTrakker only or additional Avante products, including the VoteTrakker. Hart's complaint alleges that the "[d]efendants' infringements include . . . without limitation Avante's Optical Vote-Trakker system." Resolution of this issue may affect the issue of specific jurisdiction.

Therefore, the court orders the parties to complete factual discovery on the issue of personal jurisdiction within 60 days. Resolution of the motion to transfer venue will likely depend on the results of this discovery. When this period ends, Avante may renew its motions to dismiss and to transfer. Accordingly, IT IS HEREBY ORDERED that the defendant's motion to dismiss and motion to transfer (Dkt. No. 13 & 21) are denied without prejudice. IT IS FURTHER ORDERED that the defendant may renew its motions after the expiration of this time period, should Avante continue to believe the court lacks personal jurisdiction or that a venue transfer is warranted. The court observes that recent rulings from the Southern District of Illinois undermine many of the arguments that this court should dismiss or transfer this case. Nevertheless, the court believes the parties should have the benefit of some discovery before the court reaches the merits of these motions.

SIGNED this 30th day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE